**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

REMOI CAMPBELL,

Petitioner,

v. Case No. 1:26-cv-223-MW-MJF

M. BRYSON,

Respondent.
_____________________________________/

# REPORT AND RECOMMENDATION

Petitioner Remoi Campbell filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Because Petitioner fails to state a legal and factual basis for habeas relief and Petitioner's petition is frivolous, the District Court should dismiss this petition.

## BACKGROUND

Petitioner is a prisoner at Florida State Prison who is serving a fifteen-year sentence for his conviction of aggravated battery with a deadly weapon.

Petitioner has filed *many* cases in the Northern District of Florida, and several judges concluded that Petitioner's previous submissions were frivolous, malicious, and an abuse of the judicial process. *Campbell v.*

*Bryson*, No. 3:26-cv-1180-AW-MJF (N.D. Fla.) (concluding that Petitioner's petition was frivolous); *Campbell v. Bryson* No. 4:26-cv-257-TKW-ZCB (N.D. Fla.) (dismissing Petitioner's petition as frivolous).

Here, Petitioner falsely asserts that in *Campbell v. Bryson*, No. 3:26-cv-1180-AW-MJF (N.D. Fla.),[1] the undersigned ordered the Florida Department of Corrections to release Petitioner. Doc. 1 at 2. Petitioner further alleges that other judges in the Northern District of Florida have tampered with unspecified government files to prevent Petitioner's release. He asserts that "[t]he Humans wants to trick the computer," but CMECF likes Petitioner "better." *Id.* at 4–5. Petitioner demands punitive damages and release from prison. *Id.* at 5–6.[2]

## DISCUSSION

### A. **<u>Petitioner's Habeas Petition Does Not State a Legal or Factual Basis for Habeas Relief</u>**

---

[1] Although the petition was frivolous, Chief Judge Winsor dismissed that civil action because Petitioner failed to pay the filing fee.

[2] To the extent Petitioner seeks to challenge the conditions of his confinement at the Florida State Prison, Petitioner must file a separate civil action—*in the Middle District of Florida, not the Northern District of Florida*—pursuant to 42 U.S.C. § 1983, accompanied by payment of the filing fee.

Under the Rules Governing Section 2254 Cases in the United States District Courts,[3] a district court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases. Rule 4 thus authorizes federal district courts to pre-screen and "dismiss summarily" a frivolous habeas corpus petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020).

Here, Petitioner's allegations are patently frivolous. Petitioner fails to assert a legal or factual basis for federal habeas relief. Petitioner does not even cite the Constitution or any federal law to support his claim that his detention is unlawful. Instead, Petitioner merely claims that "Federal law is meant, by my own definition, to remedy any constitutional defects

[3] These Rules apply to petitions under 28 U.S.C. § 2241. N.D. Fla. Loc. R. 5.7(C); *see* Rule 1(b), Rules Governing § 2254 Cases.

that is legally guaranteed. I must be released from prison." Doc. 1 at 4. Petitioner's allegations are insufficient to warrant federal habeas relief.

Because Petitioner's petition does not allege any legal or factual basis for habeas relief, the District Court should dismiss this case.

**B. A Certificate of Appealability is Not Warranted**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant[,]" and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing § 2254 Cases. Section 2253(c) "permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the District Court's attention in any objections to this report and recommendation.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** as frivolous Petitioner's habeas petition filed under 28 U.S.C. § 2241.

2. **DENY** a certificate of appealability.

3. **DENY** as moot all pending motions.

4. **DIRECT** the clerk of the court to close this case.

At Panama City, Florida on September 24, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. *See***

**N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**